In the Matter of Proving the Last Will and Testament of GEORGE A. WHEELOCK, Deceased, as a Will of Real and Personal Property. MARY E. GRIFFITH and Another, Contestants, Appellants; JULIA E. WHEELOCK, Proponent. Respondent.

First Department, June 1, 1923.

Attorney and client — former surrogate may act as counsel in proceeding to probate will though said will was before him as surrogate — Judiciary Law, § 18, does not apply to surrogates who have left bench.

A former surrogate may act as counsel in proceedings to probate a will though the same will was before him in his official capacity while he was surrogate.

Section 18 of the Judiciary Law, prohibiting a judge from acting as attorney or counselor in any action or special proceeding which has been before him in his official character, does not prohibit a judge from acting in any such action or proceeding after he leaves the bench.

APPEAL by Mary E. Griffith and another, contestants, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 23d day of April, 1923, prohibiting John P. Cohalan, a former surrogate of the county of New York, from practicing in this proceeding as counsel for the appellants or otherwise, and from taking any part in any other proceeding in this contest.

*Mirabeau L. Towns* of counsel; [*Denis O'L. Cohalan* with him on the brief], for the appellants Mary E. Griffith and William Addison Wheelock.

*O'Connor & Donnellan* [*Charles R. O'Connor* of counsel], for the respondent.

McAVOY, J.:

The learned surrogate made an order in this proceeding by which a former surrogate was precluded and prohibited from taking any part as counsel or otherwise in the contentious probate proceeding above entitled, then about to be heard before him. The authority for this exercise of power is said to be found in section 18 of the Judiciary Law, which reads:

" Judge prohibited from practicing in cause which has been before him. A judge shall not act as attorney or counsellor in any action or special proceeding, which has been before him in his official character."

The first enactment of this provision is found in chapter 470 of the Laws of 1847, section 52, which recites in such part as is here germane: " * * * nor shall any judge or officer act as attorney, solicitor or counsellor in any suit or proceeding which shall have been before him in his official character."

The act containing this section is entitled, " An Act to amend the act entitled ' An Act in relation to the judiciary,' passed May 12, 1847."

The act of which this was amendatory (Laws of 1847, chap. 280) did not contain this provision, although it did prohibit in section 82 a county judge or his partner from practicing " in the court of which he is judge." Obviously this addendum was intended as an enlargement of the inhibition of the judge so as to prevent his appearing in any court, even though he were not a member thereof, in respect of a matter which has been before him in his official character.

The words of the enactment next appear in their legislative history in chapter 448 of the Laws of 1876 as part of section 50, which statute was styled in chapter 449 of the laws of that year the " Code of Remedial Justice," and in chapter 416 of the Laws of 1877 was designated the " Code of Civil Procedure."

In that statute they are recited *in ipsissimis verbis* as they now appear in the Judiciary Law of 1909.

In the successive years of legislative action upon other sections of the Code of Civil Procedure, this section which contained the enactment remained without amendment of any character until its transfer to the Judiciary Law in 1909, when the part of section 50 relating to a judge's partner and clerk was transferred to article 15, section 471, of the Judiciary Law, which is headed " attorneys and counsellors." Section 18, alleged to be prohibitory of the right of the former surrogate to practice in a matter which has been officially before him, is contained in article 2, headed " general provisions relating to courts and judges," and its various sections each relate to the titles, powers, terms, disqualifications, fees, compensation and official seals of courts or judges. The provisions of no one of the sections mention any duty or limitation imposed upon the acts or conduct of a person formerly a judge of a court. Nor is there any hint of the former judge's disqualification to act as an attorney and counsellor in a matter once officially before him, in article 15 regulating the conduct of attorneys and counsellors of the court. The Penal Law prohibits a former prosecutor or the partner of a district attorney or Attorney-General or of an assistant or deputy of these officers from engaging in the defense of actions or proceedings in which such official has been engaged in the

People's behalf while acting as district attorney or Attorney-General or as an assistant or deputy of these officers. (Penal Law, § 278.) The lack of an express mandate to refrain from engaging in practice in an action or special proceeding which has been before a former judge officially, must be based, therefore, in a legislative intent not to make the prohibition, since the inclusion within prohibited categories of other acts of attorneys and judges is so minute and diverse as hardly to allow this failure to restrict to be deemed to have been a mere *casus omissus.* Finally the statute by the exclusion of definition does not apply.

" A judge," says Bouvier in his dictionary, "in its most extensive sense " is the term used to include " all officers appointed to decide litigated questions *while acting in that capacity* \* \* \*." (2 Bouv. Law Dict. [Rawle's rev.] 20.) A person not acting in the capacity of judge because his term of appointment or election has expired, is, therefore, not a judge within the meaning of the term, nor is he such as indicated by the use and collocation of the word in its statutory history.

The argument pressed upon us, hinged upon ethical considerations or propriety of conduct, is not now of concern, because the order here rests solely upon an alleged statutory duty and power to prohibit appellants' counsel from taking part as attorney or counsel in this proceeding. The duty of restraint of a former judge from practice and appearance in matters which have been affected by his official action had while he acted as judge of a court may rest in many instances within those high ideals of professional deportment which comport with his former station. There are obviously also many other occasions when an appearance in an action or proceeding by a former judge whose official action has affected the matter may be utterly repugnant to ethical standards, such as his appearance before a referee whom he has appointed, his acting as attorney or counsel either for or against the interests of infants who are represented by guardians appointed by him while in office. Cognate conditions in other cases will suggest themselves where an appearance by a former judge would be a reproach to the administration of public justice.

On the grounds above pointed out, this order should be reversed.

Clarke, P. J., Dowling, Smith and Merrell, JJ., concur.

Order reversed, without costs, and objections overruled.